UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 08-246(DSD/SRN)

United States of America,

       Plaintiff,

v.                                                        **ORDER**

Aaron Jay Lemon,

       Defendant.

     This matter is before the court upon defendant's objection to the October 22, 2008, report and recommendation of Magistrate Judge Susan R. Nelson.  In her report, the magistrate judge recommends that defendant's motions to suppress search and seizure evidence, statements and wiretap evidence be denied.  Defendant objects only to the magistrate judge's recommendation that the search and seizure evidence not be suppressed because the search warrant was supported by probable cause and, alternatively, that <u>United States v. Leon</u>'s good faith exception applied.  468 U.S. 897, 920 (1984) (evidence obtained pursuant to defective warrant admissible when officer acted in good faith).

     The court reviews the report and recommendation of the magistrate judge de novo.  28 U.S.C. § 636(b)(1)(C); D. Minn. LR 72.2(b).  Defendant first argues that the warrant lacked probable cause because the affidavit relied upon stale evidence and generalized accusations.  The magistrate judge, however, correctly

found that the evidence relied upon was not stale because Minneapolis Federal Bureau of Investigation agents refreshed the evidence found on June 25, 2007, and child pornography collectors typically retain pornographic material for long periods of time. (R&R at 4-7.)  See United States v. Summage, 481 F.3d 1075, 1078 (8th Cir. 2007) (presumption that defendant would maintain pornographic photographs in his possession); United States v. Rugh, 968 F.2d 750, 754 (8th Cir. 1992) (refreshed information needed to establish probable cause).  In addition, the magistrate judge properly concluded that the affidavit contained detailed facts sufficient to support a belief that child pornography would be found on defendant's computer or other storage devices in defendant's home. (R&R at 2-4, 7-8.)

Defendant also maintains that Leon's good faith exception does not apply because the "affidavit is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable."  Leon, 468 U.S. at 923.  Again, however, the magistrate judge fully considered this issue and correctly decided that the affidavit was supported by sufficient probable cause and the officer's reliance on it was not unreasonable.[1]  (Id.

---

[1] Because the court determines that the warrant and subsequent search were proper, the court does not address defendant's objection that all seized evidence be suppressed as "fruit of the poisonous tree."  See United States v. Swope, 542 F.3d 609, 613 (8th Cir. 2008) ("The exclusionary rule reaches not only primary evidence obtained as a direct result of an illegal (continued...)

at 7-8.) Therefore, after a de novo review, the court adopts the report and recommendation in its entirety.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's objection [Doc. No. 36] to the magistrate judge's report and recommendation [Doc. No. 30] is overruled;

2. Defendant's Motion to Suppress Search and Seizure Evidence [Doc. No. 12] is denied;

3. Defendant's Motion to Suppress Statements [Doc. No. 13] is denied; and

4. Defendant's Motion to Suppress Wiretap Evidence [Doc. No. 18] is denied as moot.

Dated:  November 19, 2008

                                                s/David S. Doty
                                                David S. Doty, Judge
                                                United States District Court

---

[1](...continued)
search or seizure but also evidence later discovered and found to be derivative of an illegality or fruit of the poisonous tree." (quotation omitted)).