UNITED STATES DISTRICT COURT
                        DISTRICT OF MINNESOTA
                      Criminal No. 08-246(DSD)

United States of America,

          Plaintiff,

v.                                                    **ORDER**

Aaron Jay Montgomery Lemon,

          Defendant.


     This matter is before the court upon the pro se motion to dismiss for lack of jurisdiction by defendant Aaron Jay Montgomery Lemon.  Based on a review of the file, record and proceedings herein the court denies the motion.


                              **BACKGROUND**

     Lemon pleaded guilty to production of child pornography in violation of 18 U.S.C. § 2251(a).  On February 9, 2009, the court sentenced Lemon to 240 months incarceration followed by a life term of supervised release.  Lemon appealed, and the Eighth Circuit affirmed. United States v. Lemon, 590 F.3d 612 (2010).[1]  Lemon petitioned the Supreme Court for a writ of certiorari, and the Court denied the petition on May 17, 2010. Lemon v. United States, 130 S. Ct. 3305 (2010) (mem.).

---

[1] Lemon did not raise the present argument on appeal.  Denial is warranted on this basis alone.

On July 22, 2011, Lemon filed the instant motion. The court now considers the motion.

### DISCUSSION

"The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. Lemon argues that his conviction and sentence are void because Congress did not properly enact 18 U.S.C. § 3231 into law in 1948.

**I.   Time Limits**

As an initial matter the motion is untimely. Rule 34 of the Federal Rules of Criminal Procedure allows a defendant to move to arrest judgment if "the court does not have jurisdiction of the charged offense." Fed. R. Cr. P. 34(a)(2). The defendant must move for relief within fourteen days of his guilty plea. Id. R. 34(b). The instant motion is well beyond the fourteen day limit and therefore fails.

A prisoner may also move for release "upon the ground ... that the court was without jurisdiction to impose such sentence." 28 U.S.C. § 2255(a). "[A] motion that a defendant files after the time for direct appeal has expired, while in custody, and raising grounds mentioned in § 2255, is a collateral attack under § 2255, regardless of the label the defendant assigns it. Hargrove v. United States, 405 F. App'x 49, 51 (7th Cir. 2010). A prisoner

must move for relief within one year after the underlying case became final. 28 U.S.C. § 2255(f)(1).

Lemon's jurisdictional challenge to his conviction and sentence falls within § 2255. As a result the motion is subject to the requirements of § 2255 even though Lemon avoided reference to that statute. The case became final on May 17, 2010, when the Supreme Court denied a writ of certiorari. See ECF No. 65. Lemon made the instant motion in July 2011. The court finds no basis for equitable tolling, and this motion is barred by the one-year statute of limitations. See 28 U.S.C. § 2255(f)(1). Therefore denial is warranted.

**II. Enrolled-Bill Doctrine**

Even if the motion were timely it would fail on the merits. Lemon argues that the Act of June 25, 1948, was not properly passed. According to Lemon the legislative defect means that this court was without jurisdiction to act in his case. The court again rejects the argument. See United States v. Schultz, Nos. 03-cr-08(2) & 06-cv-5020, 2007 WL 2872387, at *2 (D. Minn. Sept. 26, 2007) (noting prevalence of similar challenges to 18 U.S.C. § 3231).

The enrolled-bill doctrine precludes judicial inquiry into the validity of an enrolled bill: a bill certified by the Speaker of the House and President pro tempore of the Senate. Marshall Field & Co. v. Clark, 143 U.S. 649, 672 (1892). When the President signs

a bill so enrolled, "its authentication as a bill that has passed congress should be deemed complete and unimpeachable." Id. The Act of June 25, 1948, was properly enrolled and signed by the President Truman. It is beyond judicial challenge. See United States v. Tony, 637 F.3d 1153, 1158 n.9 (10th Cir. 2011); Wolford v. United States, 362 F. App'x 231, 232 (3d Cir. 2010); United States v. Farmer, 583 F.3d 131, 151-52 (2d Cir. 2009); United States v. Miles, 244 F. App'x 31, 33 (7th Cir. 2007). Therefore, denial is warranted.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion to dismiss for want of jurisdiction [ECF No. 66] is denied; and

2. To the extent the court addressed the motion as a motion under § 2255, pursuant to 28 U.S.C. § 2253, the court denies a certificate of appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  August 1, 2011

                                        s/David S. Doty
                                        David S. Doty, Judge
                                        United States District Court